UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHAUN AKINDOALEXANDER RUSHING, )<br>                                                   )<br>   Plaintiff,               )<br>                                                   )<br>   v.                            )<br>                                                   )<br>HOMELESS SHELTER, et al.,         )<br>                                                   )<br>   Defendants.            )  | Civil Action No. 1:23-cv-00169 (UNA) |

## MEMORANDUM OPINION

Plaintiff has filed a *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. For the reasons explained below, the court will grant plaintiff's IFP application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff, a resident of the District of Columbia, sues an unnamed homeless shelter near 2nd and E Streets in Northwest Washington, D.C., and 3 unnamed shelter employees, and in doing so, fails to comply with by D.C. LCvR 5.1(c)(1). He alleges that several of defendant's employees have treated him with disrespect. More specifically, he contends that in January, he went to the shelter to retrieve some of his belongings but was prohibited from entering the premises. He demands $145 million in damages.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

First, plaintiff's claims fail to raise any federal question.  Second, based on the information provided, plaintiff and defendants are all located in the District of Columbia, so there can be no diversity jurisdiction.  *See Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)) ("For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant.").  Therefore, this court cannot exercise subject matter jurisdiction over this matter.

For all of these reasons, the complaint, ECF No. 1, and the case, is dismissed without prejudice.  A separate order accompanies this memorandum opinion.

**SO ORDERED.**

Date:   February 9, 2023                                        _____/s/_____
                                                                                    RUDOLPH CONTRERAS
                                                                                    United States District Judge